Filed 7/6/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL NEWELL,<br><br>    Defendant and Appellant. | 2d Crim. No. B320195<br>(Super. Ct. No. BA379987)<br>(Los Angeles County) |

There is no appeal absent authority to appeal.

Michael Newell purports to appeal the denial of his petition for resentencing based on Senate Bill No. 483 (2021-2022 Reg. Sess.) (Sen. Bill No. 483). In 2012, Newell was sentenced to state prison for 49 years to life. He claims his current sentence is invalid due to recent legislative changes involving sentencing enhancements. Sen. Bill No. 483 establishes a uniform procedure to allow state prisoners with currently invalid sentences to be resentenced. Newell's petition is not authorized. We dismiss.

*FACTS*

In 2012, a jury found Newell guilty of second degree robbery (Pen. Code, § 211)[1] and assault by means likely to produce great bodily injury (§ 245, subd. (a)(1)). As to each offense, the jury found Newell personally inflicted great bodily injury. (§ 12022.7, subd. (a).) Newell fell within the purview of the three strikes law. The trial court found that Newell had five prior serious felony convictions and that he had served one prior prison term. (§ 667.5, subd. (b).)

The trial court sentenced Newell to an aggregate state prison term of 49 years to life. His sentence included several enhancements–a one-year consecutive term for a prison "prior" (§ 667.5, subd. (b)), and a 20-year consecutive sentence for four prior serious felony convictions, five years for each, pursuant to section 667.

Years after Newell's judgment became final, the Legislature changed the law regarding sentencing enhancements. It gave trial courts discretion to strike the five-year enhancements for prior serious felony convictions and it invalidated the one-year section 667.5, subdivision (b) enhancement except for sexually violent offenses. (§ 1172.75, subd. (a), added by Stats. 2021, ch. 728, § 3.) The Legislature passed Sen. Bill No. 483 to allow prisoners whose judgments of conviction were final a procedure to obtain retroactive resentencing because of these recent changes to the sentencing law. (§ 1172.75, subd. (a).)

Newell filed an in propria persona petition for resentencing with the sentencing court citing Sen. Bill No. 483.

---

[1] All statutory references are to the Penal Code.

The trial court denied Newell's petition. It found Newell must wait for the Department of Corrections and Rehabilitation (DCR) to file a Sen. Bill No. 483 notice with the court to initiate resentencing.

*DISCUSSION*

*Sen. Bill No. 483 Resentencing Procedure*

Sen. Bill No. 483 established the procedure to benefit state prisoners whose sentences are not currently valid due to recent changes in the law involving sentencing enhancements.

Section 1172.75 provides, in relevant part:

"(a) Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.

"(b) The *Secretary of the Department of Corrections and Rehabilitation* [DCR] . . . shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) *and shall provide the* name of each person, along with the person's date of birth and the relevant case number or docket number, *to the sentencing court that imposed the enhancement.*" (Italics added.)

Section 1172.75 requires the sentencing court to resentence defendants whose prior sentences include enhancements that are no longer valid or that now provide the court with new discretion to strike them.

Section 1172.75, subdivision (d)(1), provides: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and

3

convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."

Section 1172.75, subdivision (d)(2), provides: "The court shall apply the sentencing rules of the Judicial Council and *apply any other changes in law that reduce sentences or provide for judicial discretion* so as to eliminate disparity of sentences and to promote uniformity of sentencing." (Italics added.) The court must appoint counsel for the defendant and hold a resentencing hearing unless a hearing is waived. (*Id.*, subds. (d)(5) & (e).)

Section 1172.75 contains no provision for an individual defendant to file the type of petition Newell has filed. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384.) "[S]ection 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*Ibid.*)

Newell has not shown that the DCR did not comply with its statutory duty.

*DISPOSITION*

The appeal is dismissed.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

William N. Sterling, Judge[*]

Superior Court County of Los Angeles

———————————————

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*] Retired judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)